## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| OSCAR MALDONADO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **Nos.  06-3267-CM** |
| | ) | **03-20076-01-CM** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on petitioner Oscar Maldonado's *pro se* Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 55), as amended by Doc. 59.  Petitioner brings his motion on two grounds: (1) he was denied effective assistance of counsel during negotiation of his plea agreement, and (2) the court committed *Booker* error in his sentencing.  The government filed a response and asked the court to enforce the plea agreement.

## I.  Procedural Background

On June 26, 2003, the government charged petitioner in a two-count Indictment.  Petitioner entered into a plea agreement with the United States and pleaded guilty to both Count One—distribution of cocaine—and Count Two—carrying a firearm during and in relation to the distribution of cocaine.  The plea agreement contained a waiver of appeal and collateral attack.  The plea agreement also contained a "relevant conduct" provision, which explicitly reserved the right of the government and petitioner to argue at sentencing what conduct should be considered by the court when determining petitioner's sentence.

At sentencing, petitioner argued that his sentence should be based solely on his sale of twenty-seven grams of cocaine.  The government argued that in addition to the twenty-seven grams of cocaine actually sold, the court should also consider the kilo of cocaine that petitioner offered to sell to an informant.  The court accepted the government's argument and sentenced petitioner to 130 months imprisonment.

Petitioner appealed.  The Tenth Circuit dismissed his appeal on June 14, 2005.  Petitioner then filed a petition for certiorari with the United States Supreme Court, which was denied on October 21, 2005.  On September 19, 2006, petitioner filed this motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  Although the government asks the court to enforce the plea agreement's waiver of right to bring a collateral attack, petitioner's first argument—that counsel was ineffective during plea negotiations—may render the plea agreement waiver unenforceable if valid. When a petitioner claims that counsel was ineffective during plea negotiations, the court will consider the claim, despite a waiver of collateral attack rights in the plea agreement.  *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

## II.  Ineffective Assistance of Counsel during Plea Negotiations

Petitioner claims that his counsel was ineffective during the plea negotiations because (1) he failed to obtain a stipulation for the amount of drugs that would be considered in petitioner's relevant conduct when calculating his sentence,[1] and (2) he failed to adequately explain to petitioner the relevant conduct provision in the plea agreement.

---

[1]  At its heart, this argument actually appears to be a challenge to petitioner's sentence.  The court has given petitioner the benefit of the doubt and examined it as a challenge to counsel's plea negotiations.  To the extent that this is a challenge to petitioner's sentence, it is barred by the plea agreement.

**A.  Standard of Review**

The court applies the standard identified in *Strickland v. Washington,* 466 U.S. 668 (1984),

when determining whether a habeas petitioner's counsel provided ineffective assistance.  *See*

*Romano v. Gibson,* 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*).  Under *Strickland,* a

petitioner bears the burden of satisfying a two-pronged test in order to prevail.  First, he must show

that his attorney's "performance was deficient" and "fell below an objective standard of

reasonableness." *Strickland,* 466 U.S. at 687–88.  Second, a habeas petitioner must demonstrate

prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

**B.  Failure to Obtain a Stipulation**

Petitioner does not present any authority showing that his counsel's failure to obtain a

stipulation regarding relevant conduct caused his performance to be "deficient" or to "f[a]ll below an

objective standard of reasonableness." *See id.* at 687–88.  This court has not found any authority

that would justify this claim.  Many plea agreements include provisions regarding relevant conduct,

and courts have not found ineffective assistance of counsel in the negotiations of those pleas, even

though such provisions resulted in sentences that were longer than the defendants originally

anticipated. *See, e.g.*, *United States v. Jefferson*, 156 F. App'x 63, 65 (10th Cir. 2005); *United States*

*v. Lyles*, No. 97-6286, 1999 WL 88968, at *2 (10th Cir. Feb. 23, 1999).  Petitioner fails to meet his

burden under the first prong of the *Strickland* test.

Petitioner also fails to show prejudice under the second prong.  To show prejudice, a

petitioner disputing the effectiveness of counsel during a plea negotiation in which he pleaded guilty

must show that but for the ineffective advice of his counsel, he would not have pleaded guilty.  *See*

*Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  A petitioner's "mere allegation" that he would have

insisted on trial but for his counsel's errors is insufficient to entitle him to relief.  *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001) (citation omitted).  The court looks to the factual circumstances surrounding the plea to determine whether a petitioner would have entered a guilty plea.  *Id.*  In petitioner's situation, obtaining the stipulation would have made a guilty plea even more appealing.  The fact that petitioner decided to plead guilty *despite* his failure to obtain a stipulation suggests that petitioner would have pleaded guilty even if the stipulation had been obtained.  The court finds that petitioner did not suffer prejudice and that the failure to obtain a stipulation does not constitute ineffective assistance of counsel.

### C.  Failure to Adequately Explain "Relevant Conduct"

Petitioner next claims that his counsel failed to adequately explain the relevant conduct provision of the plea agreement.  Again, petitioner fails to provide any proof that his attorney inadequately explained the provision, aside from his own claim that he did not understand.  Petitioner's claim is contradicted by the plea colloquy, where the court specifically asked both petitioner and his attorney if the plea agreement was explained to petitioner.  The court finds that petitioner failed to meet his burden of showing that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness."  *Strickland,* 466 U.S. at 687–88.

Additionally, petitioner's argument fails to meet the prejudice prong of the *Strickland* test.  The record shows that during the plea hearing, petitioner was specifically informed about the meaning of the relevant conduct provision and the effect it could have on his sentence.  The court asked him if he understood "that there's no limitation on the information the court could consider at the time of sentencing concerning [his] background, character, and conduct, provided that the information [is] reliable."  Petitioner answered, "Yes, Your Honor."  Counsel for the government then specifically discussed the relevant conduct portion of the plea agreement.  Thus, even if his

counsel failed to explain the provision, the court cured any deficiency at the plea hearing. Petitioner provides no evidence showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," aside from his conclusory assertion that he would not have pleaded guilty if he had understood the provision. *See id.* at 694. This is not sufficient to entitle him to relief. *See Miller*, 262 F.3d at 1072.

### III. *Booker* Claim—Plea Agreement Waiver Enforceability

Because petitioner claims another error that falls within the plea agreement's waiver of rights to bring a collateral attack, the court must determine whether the waiver is otherwise enforceable. The Tenth Circuit already upheld the waiver on appeal, specifically with respect to petitioner's *Booker* claim. Petitioner now raises an additional argument that he does not appear to have raised on appeal. Even if the court did not find that the Tenth Circuit's prior finding is determinative of this court's finding, petitioner's new argument fails on its merits.

The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Generally, a knowing and voluntary waiver of § 2255 rights is enforceable. *Cockerham*, 237 F.3d at 1181. The court applies a three-pronged analysis to evaluate the enforceability of such a waiver, in which the court must determine: (1) whether the scope of the waiver covers the disputed issue; (2) whether the petitioner knowingly and voluntarily waived his rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

#### A. Scope of the Waiver

Petitioner does not dispute that his *Booker* argument falls within the scope of the waiver. The Tenth Circuit already held that it does. The court has reviewed the plain language of the plea

agreement and agrees.

**B.  Knowing and Voluntary**

Petitioner claims for the first time in his reply brief that his plea agreement was not entered into knowingly and voluntarily because he did not have an interpreter at the plea hearing.  The court has reviewed both the express language in the plea agreement and the Rule 11 colloquy, and finds that they were clear, unequivocal, and adequate to indicate that petitioner entered into the plea agreement knowingly and voluntarily.  The only question is whether petitioner needed an interpreter to fully translate the text of the agreement and the plea colloquy for him.

At the plea hearing, petitioner did not request an interpreter.  The court told petitioner that if there was something that he did not understand or if he wanted to discuss something with his attorney, he should notify the court so that he could be accommodated.  The plea hearing commenced with a number of questions in English, all of which petitioner answered in English.  Additionally, petitioner was asked whether he was entering the plea freely and voluntarily, to which he answered, "Yes, Your Honor."  Finally, the court asked if he had any questions about the plea agreement, to which petitioner answered, "No, Your Honor, Sorry."

At the sentencing hearing, petitioner participated in much of the hearing without an interpreter.  When petitioner was given an opportunity to present evidence, however, his attorney requested an interpreter so that petitioner could give his testimony in Spanish.  Petitioner's attorney represented that petitioner "is fluent in English and understands English.  It is just his comfort level at this point that we are concerned about."  The court then questioned petitioner at length about his English abilities in relation to his plea agreement.  In response, petitioner told the court that he had a sufficient understanding of the English language to understand what he was doing at the plea hearing.  Twice, he reaffirmed that he could understand the court's questions at the plea hearing and

communicate his responses.  Because petitioner is "bound by his solemn declarations in open court," *Lasiter v. Thomas*, 89 F.3d 699, 703–04 (10th Cir. 1996), the court finds that petitioner knowingly and voluntarily entered his plea.

### C.  Miscarriage of Justice

Enforcing a waiver results in a miscarriage of justice only if (1) the court relied on an impermissible factor such as race; (2) the petitioner received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Hahn*, 359 F.3d at 1327.  Petitioner bears the burden of showing that one of these factors is met.  *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004) (citation omitted).

With respect to his complaints about his sentence, petitioner has not met his burden as to any of these factors.  The Tenth Circuit has already considered his miscarriage of justice arguments and rejected them.  For the same reasons, this court also finds that enforcing the plea agreement would not result in a miscarriage of justice.

## IV.  Conclusion

The files and records conclusively show that petitioner is not entitled to relief.  Accordingly, no evidentiary hearing is required.  *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a §2255 petition may be resolved on the record).

**IS THEREFORE ORDERED** that the Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 55) is denied.

Dated this <u>28th</u>  day of March 2006, at Kansas City, Kansas.

**s/ Carlos Murguia**

**CARLOS MURGUIA**
**United States District Judge**